UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

LAWRENCE YOUNG, on behalf of himself and all others similarly situated,

        Plaintiff,

v.

BEST WESTERN INTERNATIONAL, INC.,

        Defendant.

------------------------------------------------------------x

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/18/19

19-cv-03074

## JOINT STIPULATION FOR DISMISSAL OF ENTIRE ACTION WITH PREJUDICE PURSUANT TO F.R.C.P. 41(a)(1)(A)(ii)

Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, Plaintiff Lawrence Young ("Young") and Defendant Best Western International, Inc. ("Best Western" or "Defendant"), stipulate and jointly request that this Court enter a dismissal with prejudice of Young's Complaint in the above-entitled action, in its entirety, with the Court to retain jurisdiction over the parties and the action until November 15, 2021 for the sole purpose of enforcement of the parties' obligations under Section 2(C) of the parties' Confidential Settlement Agreement and Release of Claims. Section 2(C) of the Confidential Settlement Agreement and Release of Claims reads as follows:

    Within two (2) years after the Effective Date, Best Western shall make good faith efforts to ensure that the Websites comply with the requirements set forth in 28 CFR 36.302(e)(ii). The Parties further agree that the Websites can link to, or be linked from, Third-Party Content (as defined below), and Best Western shall not be responsible for ensuring that third-parties identify or describe the accessible features listed in this **Section 2(C)** on such Third-Party Content. Nor shall Best Western be liable for the state of such Third-Party Content's accessibility to individuals with disabilities or third parties' failure to identify or describe the accessible features listed in this **Section 2(C)** on Third-Party Content. (The term **"Third-Party Content"** refers to web content that is not developed, owned, or operated by Best Western.) If Defendant's ability to meet the deadline for compliance with this **Section 2(C)** is delayed by third-party vendors, acts of God,

force majeure or other reasons that are outside of Defendant's control, the deadline shall be extended by the length of the delay.

Dated: November 15, 2019

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: /s/ Evan B. Citron
Evan B. Citron
599 Lexington Avenue, 17th Floor
New York, NY 10022
evan.citron@ogletree.com

*Attorneys for Defendant*

GOTTLIEB & ASSOCIATES

By: _____
Jeffrey M. Gottlieb, Esq.
150 East 18th Street, Suite PHR,
New York, New York 10003
nyjg@aol.com

*Attorneys for Plaintiff*

SO ORDERED:

_____
HON. RONNIE ABRAMS
UNITED STATES DISTRICT JUDGE
11-18-19

40548394.1

2